THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

v.

THE SOUTH PARK COMMISSIONERS.

ASSESSMENT FOR STREET IMPROVEMENTS—ABUTTING PROPERTY.—The right of way of a railroad company across a street can not be classed as property abutting on the street, in the sense of the statute providing for the assessment of property abutting on a street for street improvement.

ERROR to the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed October 26, 1882.

Mr. JOHN P. WILSON, for plaintiff in error.

Mr. M. W. FULLER and Mr. JESSE B. BARTON, for defendants in error; cited Chicago v. Baer, 41 Ill. 306; Parmalee v. Chicago, 60 Ill. 267; Chicago City R'y Co. v. Chicago, 90 Ill. 573.

WILSON, J. This is a writ of error prosecuted to reverse an order and decree of the Circuit Court of Cook county, confirming an assessment levied by the South Park commissioners upon the "right of way of occupancy, franchises, property and interests of the Chicago, Burlington & Quincy Railroad Company in Michigan avenue, in the city of Chi-

cago, at its crossing north of Sixteenth street, between lot 5, block 27, and lot 6, block 28 of assessor's division of the northwest fractional quarter, section 22, town 29, range 14 east."

The assessment purports to be levied by the South Park commissioners, by virtue of the authority vested in them by two acts of the General Assembly; one in relation to parks, approved June 16, 1871, and the other in relation to drives to public parks, approved and in force April 9, 1879.

The only question it is necessary to consider is, as to whether the statutes under which the assessment was levied authorize an assessment upon the property in question, since, in the view we take of the case, the determination of that question disposes of the present controversy.

Section 2 of the act of 1879, provides " that such Board of Park Commissioners are hereby authorized to levy or cause to be levied and collected a special tax or assessment on contiguous property, abutting upon such street so improved for a sum of money not exceeding the cost of such improvement." The South Park commissioners passed an ordinance October 22, 1880, for improving Michigan avenue from Thirty-fifth street to Lake Park Place, which includes the premises in question; section 2 of which provided in the language of the act, that the cost of the improvement be paid for by a special assessment to be levied " upon contiguous property, abutting upon said Michigan avenue."

Is the property in question within the class of property specified in the act conferring the power to levy an assessment?

We are of opinion that it is not. The property as described in the assessment is " the right of way of occupancy, franchises, property and interests of the Chicago, Burlington & Quincy Railroad Company in Michigan avenue, in the city of Chicago, at its crossing north of Sixteenth street." It does not purport to be property abutting on the street, but is described as property *in* the street. To speak of property as abutting upon a street, has a well understood and definite meaning, as well in legal as in common parlance. It means

property which lies adjacent to and is bounded by the line of the street, the street line and property line being coincident. Bouvier, under the title "Abut," says: "In the old law the ends were said to abut, the sides to adjoin. In the modern law, to abut is to bound upon." 1 Bouvier, Law. Dic.

The right of way of a railroad company across a street can in no proper sense of the term be classed as property abutting on the street. It is merely a right of occupancy of a portion of the street, subject to the reasonable supervision of the police powers of the city. The purpose of the Legislature seems to have been to impose the burden of improving driveways to parks upon the property deemed benefited by the improvement. For reasons satisfactory to the law makers, they have seen fit to designate the class of property upon which the burden should rest, and to limit the assessment specifically to such class. The statute being in derogation of common right, is to be construed strictly, and can not be extended to cases not plainly falling within its provisions.

In the present case, the property is described not as abutting upon, but as being in Michigan avenue, and to say that, being in the street, it abuts upon it, is a legal solecism.

The judgment of the court will be reversed, and the cause remanded.

                                 Reversed and remanded.